UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDWARD A. CANIGLIA,
    *Plaintiff*

v.

ROBERT F. STROM, as the Finance Director
of the CITY OF CRANSTON, et al
    *Defendants*

C.A. No. 15-525-M-LDA

## ANSWER ON BEHALF OF DEFENDANTS TO THE PLAINTIFF'S AMENDED VERIFIED COMPLAINT

Now come the Defendants, Robert F. Strom, as the Finance Director for the City of Cranston, the City of Cranston; Colonel Michael J. Winquist, in his individual capacity, and in his official capacity as Chief of the Cranston Police Department; Captain Russell Henry, Jr., in his individual capacity, and in his official capacity as an officer of the Cranston Police Department; Major Robert Quirk, in his individual capacity, and in his official capacity as an officer of the Cranston Police Department; Sergeant Brandon Barth, in his individual capacity, and in his official capacity as an officer of the Cranston Police Department; Officer John Mastrati, in his individual capacity, and in his official capacity as an officer of the Cranston Police Department; Officer Wayne Russell, in his individual capacity, and in his official capacity as an officer of the Cranston Police Department; and Officer Austin Smith, in his individual capacity, and in his official capacity as an officer of the Cranston Police Department and, answer the plaintiff's amended verified complaint, as follows:

1. Defendants admit the allegations contained in the first sentence of Paragraph No. 1 of that portion of the plaintiff's amended verified complaint entitled "Parties", but defendants are unable to admit or deny the allegation contained in the second sentence of this same paragraph and leave plaintiff to his proof of same.

2. Defendants are unable to admit or deny the allegations contained in Paragraph No. 2 of that portion of the plaintiff's amended verified complaint entitled "Parties", and leave plaintiff to his proof of same.

3. Defendants deny the allegations contained in Paragraph No. 3 of that portion of the plaintiff's amended verified complaint entitled "Parties".

4. Defendants admit the allegations contained in Paragraph No. 4 of the plaintiff's amended verified complaint entitled "Parties".

5. Defendants admit that Robert Quirk is a major of the Cranston Police Department, and serves as the Executive Officer within the Department, but object and contest to suit being brought in his individual capacity, as alleged in Paragraph No. 5 of that portion of the plaintiff's amended verified complaint entitled "Parties".

6. Defendants admit that Russell Henry, Jr. is a captain of the Cranston Police Department, and serves as the Patrol Commander, but object and contest to suit being brought in his individual capacity, as alleged in Paragraph No. 6 of that portion of the plaintiff's amended verified complaint entitled "Parties".

7. Defendants admit that Sergeant Brandon Barth is a member of the Cranston Police Department, but object and contest to suit being brought in his individual capacity, as alleged in Paragraph No. 7 of that portion of the plaintiff's amended verified complaint entitled "Parties".

8. Defendants admit that John Mastrati is or was a member of the Cranston Police Department, but object and contest to suit being brought in his individual capacity, as alleged in Paragraph No. 8 of that portion of the plaintiff's amended verified complaint entitled "Parties".

9. Defendants admit that Officer Wayne Russell is a member of the Cranston Police Department, but object and contest to suit being brought in his individual capacity, as alleged in Paragraph No. 9 of that portion of the plaintiff's amended verified complaint entitled "Parties".

10. Defendants admit that Officer Austin Smith is a member of the Cranston Police Department, but object and contest to suit being brought in his individual capacity, as alleged in Paragraph No. 10 of that portion of the plaintiff's amended verified complaint entitled "Parties".

11. Defendants make no response to the allegations contained in Paragraph No. 11 of that portion of the plaintiff's amended verified complaint entitled "Parties", and leave plaintiff to his proof of same.

12. Defendants admit the allegations contained in Paragraph Nos. 12 and 13 of that portion of the plaintiff's amended verified complaint entitled "Jurisdiction and Venue".

13. Defendants admit the allegations contained in Paragraph Nos. 14, 16, 19, 25, 26, 36, 37, 41, 46, 47, 48, 50 and 52 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts – *Background*".

14. Defendants deny the allegations contained in Paragraph Nos. 15, 20, 21, 22, 23, 24, 27, 28, 31, 32, 33, 34, 38, 39, 40, 42, 43, 44, 45, 53, 54, 55, 57, 58, 59, 60, 61 and 62 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts – *Background*".

15. Defendants are unable to admit or deny the allegations contained in Paragraph Nos. 17 and 35 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts – *Background*", and leave plaintiff to his proof of same.

16. Defendants admit the allegations, except for the last sentence, which defendants deny, contained in Paragraph No. 18 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts – *Background*".

17. Defendants deny, as to their context, Paragraph Nos. 29 and 30 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts – *Background*", in that, said paragraphs presuppose that R.I.G.L. §40.1-5-1, et. seq. is applicable, and that defendants had an obligations to pursue it.

18. Defendants admit that the items referred to in Paragraph No. 49 were held in custody at the Cranston Police Department, as alleged in Paragraph No. 49 of that portion of the plaintiff's complaint entitled "Statement of Facts – *Background*".

19. Defendants admit the allegations contained in Paragraph No. 51 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts – *Background*", in regard to plaintiff's weapons.

20. Defendants deny, due to vagueness and generalization, the allegations contained in Paragraph No. 56 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts – *Background*".

21. As alleged in Paragraph No. 63 of Count I of the plaintiff's amended verified complaint, defendants reassert their responses to Paragraph Nos. 1 through 62.

22. Defendants deny the allegations contained in Paragraph Nos. 64, 66, 68 and 69 of Count I of the plaintiff's amended verified complaint.

23. Defendants deny the allegations contained in Paragraph Nos. 65, 67, 70 and 71 of Count I of the plaintiff's complaint, in that, the statutes referred to in said paragraphs, speak for themselves.

24. As alleged in Paragraph No. 72, of Count II of the plaintiff's amended verified complaint, defendants reassert their responses to Paragraph Nos. 1 through 71.

25. Defendants deny the allegations contained in Paragraph Nos. 73 and 74 of Count II of the plaintiff's amended verified complaint.

26. As alleged in Paragraph No. 75, of Count III of the plaintiff's amended verified complaint, defendants reassert their responses to Paragraph Nos. 1 through 74.

27. Defendants admit the allegations contained in Paragraph Nos. 76 and 77 of Count III of the plaintiff's amended verified complaint.

28. Defendants deny the allegations contained in Paragraph No. 78 of Count III of the plaintiff's complaint.

29. As alleged in Paragraph No. 79, of Count IV of the plaintiff's amended verified complaint, defendants reassert their responses to Paragraph Nos. 1 through 78.

30. Defendants deny the allegations contained in Paragraph No. 80 of Count IV of the plaintiff's amended verified complaint.

31. As alleged in Paragraph No. 81, of Count V of the plaintiff's amended verified complaint, defendants reassert their responses to Paragraph Nos. 1 through 80.

32. Defendants deny the allegations contained in Paragraph No. 82 of Count V of the plaintiff's amended verified complaint.

33. As alleged in Paragraph No. 83, of Count VI of the plaintiff's amended verified complaint, defendants reassert their responses to Paragraph Nos. 1 through 82.

34. Defendants deny the allegations contained in Paragraph Nos. 84, 87, 88 and 89 of Count VI of the plaintiff's amended verified complaint.

35. Defendants deny, as to their context, Paragraph Nos. 85 and 86 of Count VI of the

plaintiff's amended verified complaint, in that, said paragraphs presuppose a duty and/or obligation of these defendants, pursuant to RI.G.L. §§40.1-5-7 and 40.1-5-8.

36. Defendants deny the allegations contained in Paragraph No. 90 of Count VI of the plaintiff's amended verified complaint, in that, the statute referred to in said paragraph, speaks for itself.

37. As alleged in Paragraph No. 91, of Count VII of the plaintiff's amended verified complaint, defendants reassert their responses to Paragraph Nos. 1 through 90.

38. Defendants deny the allegations contained in Paragraph Nos. 92, 93, 94, 95 and 96 of Count VII of the plaintiff's amended verified complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within amended verified complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within amended verified complaint.

### THIRD AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

### FOURTH AFFIRMATIVE DEFENSE

These defendants object and contest to suit being brought in their individual capacities.

**These defendants hereby request a jury trial.**

        Defendants,
        By their attorneys,

        */s/Marc DeSisto*
        Marc DeSisto, Esq. (#2757)
        DeSisto Law LLC
        211 Angell Street
        Providence, RI 02906
        401-272-4442
        marc@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 24th day of May, 2017, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Thomas W. Lyons, Esq.
tlyons@straussfactor.com

        */s/Marc DeSisto*
        Marc DeSisto