## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EDWARD A. CANIGLIA,<br>   Plaintiff,<br><br>v.<br><br>ROBERT F. STROM as the Finance Director of THE CITY OF CRANSTON; THE CITY OF CRANSTON; COL. MICHAEL J. WINQUIST in his individual capacity and in his official capacity as Chief of the CRANSTON POLICE DEPARTMENT; CAPT. RUSSELL HENRY, JR., in his individual capacity and in his official capacity as an officer of the CRANSTON POLICE DEPARTMENT; MAJOR ROBERT QUIRK, in his individual capacity and in his official capacity as an officer of the CRANSTON POLICE DEPARTMENT; SGT. BRANDON BARTH, in his individual capacity and in his official capacity as an officer of the CRANSTON POLICE DEPARTMENT; OFFICER JOHN MASTRATI in his individual capacity and in his official capacity as an officer of the CRANSTON POLICE DEPARTMENT; OFFICER WAYNE RUSSELL in his individual capacity and as an officer of the CRANSTON POLICE DEPARTMENT; OFFICER AUSTIN SMITH in his individual capacity and in his official capacity as an officer of the CRANSTON POLICE DEPARTMENT; and JOHN and JANE DOES NOS 1-10, in their individual and official capacities as officers of the CRANSTON POLICE DEPARTMENT, | No. 1:15-cv-00525-JJM-LDA |

|                    |   |
|--------------------|---|
| Defendants.        | ) |
|                    | ) |

## ORDER

Before the Court is Plaintiff Edward A. Caniglia's Motion for Summary Judgment. Plaintiff has moved the Court primarily on the ground that the City of Cranston can and should be held liable on a theory of *Monell* liability.[1] ECF No. 86-1. Mr. Caniglia has argued extensively that the constitutional violations by the Cranston Police Department are so pervasive that they constitute both written and unwritten official policy.

Plaintiff deposed Colonel Michael Winquist, the highest-ranking officer in the Cranston Police Department, and asked him the very question of whether there was "policy" of constitutional violations within the Department.[2] Colonel Winquist responded in the negative: "No. We leave it up to the officers on scene, their training, their experience and their discretion. They weigh all the facts they have in front of them and make a reasonable decision whether they should transport that person or not." ECF No 84-4 at 78:17–21.

---

[1] *Monell* holds that a municipality may be sued when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

[2] The alleged constitutional violations, according to Mr. Caniglia, involve "seizing somebody's firearms or requiring them to go to a psychiatric evaluation every time they say something like, I could just shoot myself[.]" ECF No 84-4 at 78:13–16. The Court does not make a determination at this time whether these actions do indeed constitute constitutional violations.

The fact that Colonel Winquist responded in the negative, despite Plaintiff's substantial evidence to the contrary, presents a material factual dispute. Because there is a genuine dispute of material fact, summary judgment cannot be granted pursuant to Fed. R. Civ. P. 56. As a result, the Court DENIES Plaintiff's Partial Motion for Summary Judgment.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Chief Judge

October 27, 2021